**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JOSE LUIS GARZA,  AND** | § | |
| **VERONICA GARZA,** | § | |
| **INDIVIDUALLY AND AS** | § | |
| **REPRESENTATIVES OF THE** | § | |
| **ESTATE OF JOSE LUIS GARZA,** | § | |
| **JR., DECEASED; CYNTHIA LOPEZ** | § | |
| **AS NEXT FRIEND OF JOSE RUBEN** | § | |
| **GARZA, MINOR SON;** | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO: _____** |
| | § | |
| **CITY OF DONNA, TEXAS,** | § | |
| **DEFENDANT.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs, Jose Luis Garza and Veronica Garza, both suing individually and as Representatives of The Estate of Jose Luis Garza, Jr., Deceased ("Decedent"), and Cynthia Lopez As Next Friend of Jose Ruben Garza, Minor Son, ("Plaintiffs"), file this their Original Complaint complaining of Defendant, City Of Donna, Texas, and for cause of action would respectfully show unto the Court as follows:

**I.**
**PARTIES AND SERVICE**

1.     At all times material herein, Plaintiffs Jose Luis Garza and Veronica Garza, Individually and as Personal Representative of the Estate of Jose Luis Garza, Jr., (decedent), were at all relevant times here mentioned, and have been citizens and residents of the City of Donna, State of Texas, and hence within the boundaries of this Court's

judicial district. They bring this action on their own behalf and on behalf of the Estate of Jose Luis Garza, (Decedent), and who were Decedent's parents.

2.      At all times material herein, Plaintiff, Cynthia Lopez As Next Friend of Jose Ruben Garza, Minor Son, is and has been a citizen and resident of the City of Donna, State of Texas, and hence within the boundaries of this Court's judicial district. She brings this action on behalf of the minor son, Jose Ruben Garza, and who was Decedent's surviving child.

3.      Defendant, the City of Donna, Texas ("Defendant") is a home-rule municipality duly organized and existing pursuant to and under the laws of the State of Texas.  Said municipality may be served by service by delivering a copy of the summons and of the complaint to the Honorable Mayor Irene Munoz, at City of Donna City Hall, located at 307 S. 12th Street, Donna, Texas  78537.

## II.
## JURISDICTION AND VENUE

4.      This is a civil action for appropriate relief, including damages, costs, and attorney's fees, to redress the deprivation of Decedent's rights under the Constitution and laws of the United States.

5.      This Court has jurisdiction based on 42 USC §1983, as well as upon 28 USC §1331 and 28 USC §1343.  Venue is proper in this court under 28 USC §1391(b), because the claims for relief arose in this district.

## IV.
## STATEMENT OF FACTS

6.      Plaintiffs bring this action both individually, as the parents of Decedent, as Decedent's heirs-at-law in addition as Decedent's surviving child. The allegations in this section are alleged on Plaintiffs' information and belief and on that basis are alleged to be true.

7.      At approximately 5:00 a.m., on February 19, 2016, Plaintiffs Veronica Garza, called Defendant City of Donna's Police Department to Plaintiffs' family residence at 2911 Yanez Street, Donna, Texas, seeking assistance regarding Decedent.  Decedent – who had a history of substance abuse issues which were known to Defendant's Police Department – had become argumentative toward other family members.  In calling Defendant's Police Department, it was the desire of Decedent's family that Decedent be kept in a safe environment to "dry out", i.e. kept in protective custody until his intoxication had worn off.  Upon information and belief, in the past two years, Defendant's Police Department had similarly supplied such protective custody on 3 or 4 prior occasions when Decedent was intoxicated.  Upon information and belief, on those prior occasions, Defendant's Police Department would release Decedent from protective custody when he sobered up, without filing any charges against him.

8.      Upon information and belief, Decedent was a disabled person, in that he suffered from chronic alcoholism and drug addiction.  By reason of their prior provision of protective custody to Decedent when intoxicated, Defendant's Police Department was – upon information and belief – fully aware of Decedent's disability.  In seeking assistance from Defendant's Police Department, Decedents' family sought to protect Decedent from the risk of harming himself and/or others, by reason of his disability.

---

9.      Three unknown officers of Defendant's Police Department, two male and one female, arrived at Plaintiffs' residence at approximately 5:30 a.m.  One unknown male officer behaved in harsh and insulting manner in dealing with those members of Decedent's family who were present, and stated that Defendant's police officers "We know why we are here for, it's happened before".  Upon information and belief, such unknown male officer then proceeded to deal with Decedent in an extremely aggressive manner, handcuffing him and dragging Decedent to a police cruiser, in a manner unjustified by Decedent's own actions.  Upon information and belief, Defendant's police officers subsequently used a Taser stun gun against Decedent, without any provocation, and despite his known disability.

10.     After being taken into the custody of Defendant's Police Department, Decedent was placed into the jail maintained by Defendant at 207 South 10th Street, City of Donna, Texas ("Jail").  Upon information and belief, at the time Defendant's employees booked Decedent into the Jail, he was not at liberty to depart therefrom.  Upon information and belief, Defendant's Jail personnel failed to evaluate Decedent Plaintiff for suicidal tendencies upon intake.

11.     Upon information and belief, upon the commitment of Decedent to Defendant's Jail, Decedent was placed in a locked cell.  Such cell contained a camera which was linked to a video monitoring system which allowed Defendant's Jail personnel to observe all of Decedent's activities.  However, that morning, Decedent attempted to use wet paper towels numerous times to obscure until after a great deal of time succeeded in covering the lens of the camera in his cell.  Despite the fact that Decedent's action in terminating surveillance-by-camera was both i) immediately apparent to Defendant's Jail

personnel, via the video monitor, and ii) an unquestionable signal of suicidal intent, Defendant's Jail personnel wholly failed to check up on Decedent.  Upon information and belief, Defendant's police officers and/or Jail personnel knowingly failed to comply with applicable statutes, regulations, and/or guidelines covering Defendant's detention of Decedent, including such guidelines requiring in-person cell checks at regular intervals.

12.     Upon information and belief, at approximately 8:46 a.m., Decedent was found hanging from the door of his cell, with a noose fashioned from his clothing.  Such discovery was made not by Defendant's police officers and/or Jail personnel charged with overseeing Decedent's well-being, but rather by Federal Immigration and Custom Enforcement officers, during a routine search for undocumented detainees.  Finding Decedent to be wholly unresponsive, Defendant's police officers transported Decedent to Knapp Medical Center in Weslaco, where he was pronounced dead at 9:12 a.m.  The subsequent autopsy conducted by Norma Jean Farley, M.D. gave Decedent's cause of death as "asphyxia by hanging".

## V.
### COUNT ONE:     VIOLATION OF 42 U.S.C. §1983:

13.     Plaintiffs incorporate by reference all paragraphs above as if they were fully set forth here and, as a first claim for relief, allege;

14.     At all times relevant herein, Defendant's police officers and Jail personnel who dealt with Decedent, and/or were responsible for Decedent's conditions of confinement at the Jail, were acting under the direction and control of Defendant.

15.     Upon information and belief, acting pursuant to official policy and custom, Defendant knowingly, recklessly, or with deliberate indifference and callous disregard of

Decedent's rights, failed to instruct, supervise, control and discipline on a continuing basis

Defendant's police officers and Jail personnel who dealt with Decedent, and/or were

responsible for Decedent's conditions of confinement at the Jail, in the following respects:

a) Failing to adequately provide for Decedent's safety, safekeeping and well-being;

b) Failing to adequately evaluate detainees such as Decedent upon entering the Jail, to determine if such detainees pose a risk of suicide;

c) Failing to install a video monitoring system whose in-cell cameras were not susceptible to the known risk of being easily obscured by detainees such as Decedent;

d) Failing to immediately intervene where, as here, a detainee has obscured the camera in his cell;

e) Failing to supervise detainees such as Decedent with sufficient frequency when, upon information and belief, they knew or had reason to know that such detainee posed a risk of suicide;

f) Failing to comply with applicable statutes, regulations, and/or guidelines covering detention of detainees such as Decedent, including such guidelines requiring in-person cell checks at regular intervals;

g) Failing to halt the punitive and/or the improper use of excessive force against unresisting detainees such Decedent; and

h) Otherwise depriving Decedent of his constitutional and statutory rights, privileges, and immunities.

16.     As a direct and proximate cause of the acts of Defendant, as set forth above,

Decedent was permitted to commit suicide by hanging, in deprivation of the constitutional

rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the

United States, and protected by 42 USC §1983.

## VI.
## COUNT TWO:     AMERICANS WITH DISABILITIES ACT

17.     Plaintiffs incorporate by reference all paragraphs above as if they were fully set forth here and, as a first claim for relief, allege;

18.     Title II of the Americans With Disabilities Act of 1990 ("ADA") prohibits the exclusion of persons with disabilities from participating in, or denying the benefits of, the goods, services, programs and activities of the entity or otherwise discriminating against persons on the basis of disability.  See 42 USC §12132.

19.     Congress delegated to the Department of Justice ("DOJ") the authority to promulgate regulations implementing the ADA as regards public entities such as state and local governments.  The DOJ's regulations provide that "all programs, services, and regulatory activities relating to law enforcement, public safety, and the administration of justice" are governed by the ADA.  28 CFR §35.190(b)(6).  Under the language of the ADA and the DOJ's regulations, the ADA is applicable to Defendant.

20.     Upon information and belief, Decedent was a qualified individual with a disability, as defined under 42 USC §12131(1) of the Americans With Disabilities Act of 1990 ("ADA").  Decedent suffered from an impairment that substantially limited one or more major life activities, as required under 42 USC §12102(a).  More specifically, Decedent suffered from alcoholism and drug addiction.  Decedent's substance abuse disability kept him from being regularly employed, and had also contributed to him being repeatedly arrested and jailed on drug or intoxication-related charges.  Decedent was intoxicated at the time his death while in the protective custody of Defendant.

21.     Upon information and belief, Defendant was fully aware of Decedent's disability, given that, in the past two years, Defendant's Police Department had repeatedly

placed Decedent into protective custody at the Jail until his intoxication wore off, so as to prevent Decedent from harming himself or others.  At the time of the incident complained of, i.e. February 19, 2016, Decedent's family once again requested that Decedent be placed in protective custody, by reason of argumentative behavior which arose from Decedent's substance abuse disability.  During all prior episodes of disability-related protective custody, no charges were ever filed by Defendant's Police Department, nor did Decedent's family ever request that such charges be filed.

22.      Pursuant to the ADA, Defendant was obligated to provide Decedent with a custodial Jail environment accommodating his status as an individual suffering from a substance abuse disability, and the attendant heightened risk of suicide.

23.      Despite the request of Decedent's family that he be held in protective custody due to disability-related intoxication, Defendant's  police officers and Jail personnel who dealt with Decedent, and/or were responsible for Decedent's conditions of confinement at the Jail, failed to accommodate Decedent's disability, and/or intentionally discriminated against Decedent.  Specifically, Defendant failed to the following:

a) Provide specialized training to its police officers and Jail personnel, regarding the treatment of detainees suffering from a substance abuse disability;

b) Provide safer jail cell alternatives for detainees suffering from a substance abuse disability, so as to reduce the correlative heightened risk of suicide;

c) Provide heightened medical and/or psychiatric care for detainees suffering from a substance abuse disability, including a thorough intake screening regarding suicidal risk; and

d) Provide diligent in-cell surveillance for detainees suffering from a substance abuse disability, including in-cell cameras.

24.      Defendant's failure to provide Decedent with the accommodations set forth above constituted unlawful and intentional discrimination on the basis of disability in

violation of Title II of the ADA.  Defendant, the City of Donna, has acted and omitted to act with callous disregard and deliberate indifference to the Fourth Amendment rights of Decedent Plaintiff, Jose Luis Garza, and as a direct and proximate result of the acts and omissions of the Defendant, the Fourth Amendment rights of Plaintiff have been violated.

25.     As a direct and proximate cause of the acts, conduct and omissions by Defendant, Plaintiffs' rights under the United States Constitution were violated, and Plaintiffs' family has suffered and continues to suffer great pain, including emotional losses. Defendant's failure to comply with its obligations under the ADA ultimately resulted in Decedent's death, and gave rise to Plaintiffs' damages set forth below.

## VII.
## DAMAGES

26.     Plaintiff incorporates by reference Paragraphs 1 through 25 of this Complaint, as if fully set forth here.

27.     As a direct, producing and proximate cause of the Defendant's actions, in the form of customs, policies, and practices, failure to train, audit, supervise, and discipline, and intentional acts maliciously, intentionally, and willfully committed against Plaintiff, Jose Luis Garza, Jr., decedent, and deliberate indifference to Decedent Plaintiff's constitutional rights under the US Constitution, in addition the surviving Plaintiffs suffered the following injuries and damages;

28.     As a result of the acts and omissions of Defendant, the decedent, Jose Luis Garza, Jr., suffered harms including but not limited to humiliation, pain, physical injuries, loss of liberty, severe fear, anxiety, pain, violations of his constitutional rights and the loss of his life, and the value of which to be determined according to proof.

29.     As a result of the acts and omissions of Defendant, Plaintiffs, Jose Luis Garza and Veronica Garza, suffered the loss of the familial association, loss of companionship and society, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love, loss of parental consortium in the past and future, mental anguish in the past and future, and support of the decedent, and the value of which to be determined according to proof.

30.     As a result of the acts and omissions of Defendant, Minor Plaintiff, Jose Ruben Garza, suffered the loss to the parent-child relationship, including loss of care, comfort, solace, protection, services, and/or parental love; loss of companionship and society sustained in the past and future; loss of inheritance, mental anguish in the past and future, and support of the decedent, and the value of which to be determined according to proof.

31.     As a result of the acts and omissions of Defendant, Plaintiffs, each of them, suffered and incurred expenses for the funeral and burial of the decedent, and the value of which to be determined according to proof.

32.     As a result of the acts and omissions of Defendant's actions, as alleged in this complaint, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of the decedent and/or of Plaintiffs. Plaintiffs therefore requests an award of punitive and exemplary damages and the value of which to be determined according to proof.

33.     On all Counts and Claims for Relief, Plaintiffs demand judgment in their favor and declaratory relief in the form of a declaration that the actions and conduct of the

defendant was in violation of 42 U.S.C. § 1983, as well as the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

34.     On all Counts and Claims for Relief, Plaintiffs demand judgment in their favor and to award damages, jointly and severally, and support of the decedent, and the value of which to be determined according to proof.

35.     On all Counts and Claims for Relief, Plaintiffs demand judgment in their favor and to award punitive damages, against each defendant according to the findings of the jury, due to the malicious, willful, oppressive, outrageous, and unjustifiable actions and conduct of all Defendant.

36.     On all Counts and Claims for Relief, Plaintiffs demand judgment in their favor and reasonable attorney's fees and interest pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1961, and 42 U.S.C. § 1988 et seq.

37.     On all Counts and Claims for Relief, Plaintiffs demand judgment in their favor and expenses and cost of litigation and interest pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1961, and costs 42 U.S.C. § 1988 et seq.

38.     On all Counts and Claims for Relief, Plaintiffs demand judgment in their favor and any other relief the Court may deem appropriate and just, and otherwise in the interest of justice.

## VIII.
## WRONGFUL DEATH

39.     Plaintiffs incorporate by reference all paragraphs above as if they were fully set forth here and, as a first claim for relief, allege.

40.     Defendant, and each of them, owed decedent, Mr. Garza, a duty of due care to prevent foreseeable harms. Specifically, he was incarcerated at the City of Donna, the

defendant, had actual knowledge or reasonably should have known of the risk of harm, injury or death to Jose Luis Garza, by providing him with personal property in his cell, that Defendant knew or reasonably should have known would be utilized to attempt to commit suicide under the then existing circumstances. However, Defendant's police officers and Jail personnel staff failed to continuously monitor the decedent resulting in his untimely death.

41.     Defendant were negligent and/or reckless when they, among other things, failed to properly train, monitor or supervise staff in the policies and procedures, including on the necessary precautions to circumvent possible physical danger to inmates in their care.

42.     As a result of the Defendant' actions and inactions, previously described, decedent died.

## IX.
## REQUEST FOR JURY TRIAL

43.     Plaintiffs, in accordance with Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury.

## X.
## REQUEST FOR RELIEF

44.     WHEREFORE, Plaintiffs, Jose Luis Garza and Veronica Garza, individually and as Representatives of the Estate of Jose Luis Garza, Jr., Deceased, and Cynthia Lopez As Next Friend of Jose Ruben Garza, Minor Son, demand judgment against Defendant, City of Donna;

   a) For compensatory damages according to proof;

   b) For general damages according to proof;

    c)  For punitive damages against the individual Defendant according to proof;

    d)  For an award of interest, including prejudgment interest at the legal rate according to proof;

    e)  For costs of suit incurred here on all causes of action;

    f)  For reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988; and

    g)  For such other and further relief as the court may deem proper.


Dated: _____ of September, 2016.

Respectfully submitted,

GUERRA LAW FIRM
320 W. Pecan Avenue
McAllen, Texas 78501
Tel. (956) 618-2557
Fax. (956) 618-1690


By:    **/s/ MANUEL GUERRA, III**
        MANUEL GUERRA, III
        Texas Bar No. 00798226
        Attorney for Plaintiffs